**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Svetlana Akhenblit, | No. CV-20-02167-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Plaintiff Svetlana Akhenblit's Application for Social Security Disability Insurance ("SSDI") benefits by the Social Security Administration ("SSA"). The Court has reviewed the briefs and Administrative Record ("AR") (Doc. 18) and reverses the Administrative Law Judge's ("ALJ") decision (AR at 13-30) and remands this matter for a new hearing for the reasons addressed herein.

## I.      Background

Plaintiff filed an Application for SSDI benefits on November 7, 2017, alleging a disability beginning on October 21, 2017. (AR 13). Plaintiff's claim was initially denied on March 15, 2018, and upon reconsideration on June 13, 2018. (*Id.*) A hearing was held before ALJ Matthew C. Dawson on February 4, 2020. (*Id.* at 37-62). Plaintiff was 57 years old at the time of the hearing and held previous employment as a home health aide and supervisor. (*Id.*) Plaintiff's Application was denied by the ALJ on April 16, 2020. (*Id.* at 26). Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's decision and this appeal followed. (Doc. 1).

After considering the medical evidence and opinions, the ALJ evaluated Plaintiff's disability claim based on the severe impairments of deep vein thrombosis, trigeminal nerve degeneration, trigeminal neuralgia, degenerative disc disease, peripheral neuropathy of the left hand, osteoarthritis of the right thumb, carpal tunnel syndrome, seronegative rheumatoid arthritis, depression, anxiety, and borderline intellectual functioning.  (AR 16). The ALJ also discussed Plaintiff's other impairments of obesity, hypertension, diabetes mellitus type 2, hyperlipidemia, hypothyroidism, vision loss, Vitamin D deficiency, stroke, breast cancer, and pulmonary embolism.  (*Id.*)  While the ALJ noted that Plaintiff's severe impairments limited her ability to perform basic work activities, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform a range of medium work, and thus was not disabled.  (*Id.* at 29).

Plaintiff argues that the ALJ's RFC determination is flawed based on his improper rejection of the opinions of treating neurologist, Dr. Shafran, and based on his discounting of Plaintiff's subjective symptom testimony.  (Doc. 22).  The Commissioner, while conceding some error, argues that the ALJ's opinion is free of harmful error.  (Doc. 27). The Court has reviewed the medical record and will discuss the pertinent evidence in addressing the issues raised by the parties.

## II.   Legal Standards

An ALJ's factual findings "shall be conclusive if supported by substantial evidence."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole.  *Id.*  Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).  In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the

decision.  *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process.  20 C.F.R. § 404.1520(a).  The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity.  20 C.F.R. §404.1520(a)(4)(i).  At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404.  20 C.F.R. § 404.1520(a)(4)(iii).  If so, the claimant is automatically found to be disabled.  *Id.*  At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work.  20 C.F.R. § 404.1520(a)(4)(iv).  If not, the ALJ proceeds to the fifth and final step, where a determination is made whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience.  20 C.F.R. § 404.1520(a)(4)(v).  If not, the claimant is disabled.  *Id.*

**III.   Analysis**

Plaintiff first argues that the ALJ's RFC determination is flawed because he improperly rejected the opinion of treating neurologist, Dr. Shafran.  (Doc. 22).  Plaintiff contends her case should be remanded for an award of benefits, but she does not cite to any legal authority to support her argument.  *Id.*  After reviewing the record, the parties' briefs, and applicable law, the decision of the Commissioner reversed and remanded for further proceedings consistent with this Order.

As Plaintiff applied for disability benefits after March 27, 2017, the new set of regulations for evaluating evidence from medical providers applies to this case.  *See* 20 C.F.R. § 416.920c.  These regulations eliminate the previous hierarchy of medical opinions, and the ALJ is not allowed to defer to or give specific weight to any medical

opinions.  The new regulations for considering physician opinions states as follows:

> We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources . . . The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 416.920c.[1]

The regulations define "medical opinion" as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions."  20 C.F.R. § 416.913(a)(2).  All "other medical evidence" that an ALJ considers as part of the Administrative Record is defined as "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis."  20 C.F.R. § 416.913(a)(3).

The regulations require an ALJ to articulate how persuasive they find all the medical opinions and prior administrative medical findings and set forth specific "articulation requirements" for the ALJ's evaluation of the medical opinion evidence. 20 C.F.R. §§ 404.1520c(b), 416.920(b).  The Ninth Circuit has not yet addressed the 2017 regulations in relation to its standards for the review of medical opinions.  However, the new regulations require an ALJ to explain their reasoning with specific reference to how they considered the supportability and consistency factors, 20 C.F.R. §§ 404.1520c(a)-(b), 416.920c(a)-(b), and still require the ALJ to provide legally sufficient reasons supported by substantial evidence for finding a medical opinion unpersuasive.  *See, e.g.*, *Beason v. Saul*, 2020 WL 606760, *3 (C.D. Cal. Feb. 7, 2020); *Jessica B. v. Comm'r of Soc. Sec.*, 2021 WL 4452850,

---

[1] Other factors that may be considered by the ALJ in addition to supportability and consistency include the provider's relationship with the claimant, the length of the treatment relationship, frequency of examinations, purpose and extent of the treatment relationship, and the specialization of the provider.  20 C.F.R. § 416.920c.

at *3 (W.D. Wash. Sept. 29, 2021).

Overall, an ALJ's findings must be supported by substantial evidence.  An ALJ meets the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting *Reddick*, 157 F.3d at 725).  This means that an ALJ must "do more than state conclusions." *Id.*  Rather, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct."  (*Id.*).

Here, Plaintiff's neurologist, Dr. Bronislava Shafran, M.D., who treated Plaintiff for approximately 5 years, provided two "Physical Residual Functional Capacity Questionnaires."  (AR 673-680, 801-804).  Dr. Shafran opined that Plaintiff's multiple impairments would be incompatible with any work.  (*Id.*)  In arriving at the RFC determination of medium work, the ALJ found the mental and physical limitation opinions Dr. Shafran to be unpersuasive.  (AR 26-27).  While the ALJ noted that Dr. Shafran's opinions were "consistent with the greater record," he later found both opinions to be inconsistent with the record and unpersuasive.[2]  (*Id.* at 27).  In finding these opinions unpersuasive, the ALJ found that Dr. Shafran "merely checked boxes on a form" with "minimal explanation" and also found her opinions to be extreme and internally inconsistent with other treatment notes.  (*Id.* at 26).  Plaintiff argues that the ALJ's decision is not supported by substantial evidence.

As to the ALJ's finding that "Dr. Shafran merely checked boxes on a form and provided minimal explanation," the Court cannot agree.  On both questionnaires filled out by Dr. Shafran, nearly all available lines, and many margins, are filled with explanatory text.  In fact, even on the pages that only ask "check-box" questions, Dr. Shafran occasionally wrote in text and sentences below the answers to further explain them.  (AR 673-680, 801-804).  A review of the first page of one of the questionnaires reveals that Dr.

---

[2] While it is possible that this is merely a scrivener's error, as the ALJ discussed Dr. Shahan's opinions in two different portions of his decision, the inconsistency raises a question of the intent of the ALJ.

Shafran listed a detailed description of Plaintiff's many symptoms, along with clinical findings, objective signs, and various treatments. (AR 801). For instance, to the prompt "if your patient has pain, characterize the nature, location, frequency, precipitating factors, and severity," Dr. Shafran wrote "hand pain and numbness, shooting pains in the head, hips, knees and low back pain, worse with movement and ambulation, worse with stress." (*Id.*) To the prompt "identify the clinical findings and objective signs," Dr. Shafran wrote "decreased recall, visuospatial, and executive functions, lost pinprick on right nerve area, bilat[eral] Tinel and Phalen signs over the wrist and bilat[eral] Patrick's signs." (AR 801). Dr. Shafran did far more than check boxes. This was not a proper basis to find her opinions unpersuasive. *See Garrison*, 759 F.3d at 1013 (holding that the ALJ erred where she "failed to recognize that the opinions expressed in check-box form . . . were based on significant experience with [plaintiff] and supported by numerous records").

As to the ALJ's determination that Dr. Shafran's opinions of disabling limitations were inconsistent with her treatment notes, the ALJ cited to a single treatment note from January 23, 2020. (AR 26; citing 866). The ALJ stated that the treatment note showed that Plaintiff's mental health impairments were controlled. (*Id.*) However, a closer look at that treatment note shows that after writing that Plaintiff's depression and anxiety were "controlled," Dr. Shafran wrote, "is not suicidal or homicidal." (*Id.* at 866). The ALJ concludes this section by stating, without citing to any evidence of record, that Dr. Shafran's opinions on mental and physical functioning are inconsistent with the greater record. (*Id.* at 26-27). The ALJ does not discuss that the remainder of this treatment note discusses that Plaintiff presented with severe arthritic pain, was dropping objects from her hands, had trigeminal neuralgia pain, and stiffness. (AR 866-67). This sole treatment record cited by the ALJ appears to be consistent with the opinions provided by Dr. Shafran in her questionnaire. In Response to Plaintiff's argument that this was material error, the Commissioner argues that the new regulations remove the hierarchy of medical opinions, and that the ALJ is not required to start from the assumption that a treating physician will be due the most weight. (Doc. 27). However, there is no indication that the amendments

to the regulations altered the ALJ's duty to support his decision with substantial evidence in the record rather than providing a conclusory finding that a treating physician's opinion is unpersuasive.  The Court finds that the selective citation within a single treatment note was not substantial evidence upon which the ALJ could reject this opinion.

The ALJ also noted that Dr. Shafran's opinions were internally inconsistent.  The Court notes, and Plaintiff acknowledges, a discrepancy between the two questionnaires.  Dr. Shafran's 2017 opinion contained both a checked box that Plaintiff had no limitations to manipulation and a statement that Plaintiff could only use her upper extremities 20% of the day to grasp, turn, twist, finger, feel, and reach.  (AR 680).  However, as the Commissioner acknowledges in the Response, Dr. Shafran's more recent 2019 opinion corrects this error and "did not contain that same inconsistency."  (Doc. 27 at 17).  The Court finds that this apparent scrivener's error alone was not a proper basis to find Dr. Shafran's opinions unpersuasive.

Lastly, the Court is unable to review the ALJ's ultimate conclusion—that Dr. Shafran's opinions are inconsistent with her own records and the overall medical record— because he cites to no such records.  *See Grigsby v. Saul*, 845 F. App'x 657, 658 (9th Cir. 2021) (discussing that "nothing in the ALJ's decision explains why the medical evidence on which [the medical sources] relied does not support their opinions"); *see also Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996) ("Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.").  Without some articulation of the inconsistencies between the evidence as a whole and the medical source opinions, the Court is unable to meaningfully review this stated basis for finding Dr. Shafran's opinions unpersuasive.  This situation, coupled with the ALJ's statement that Dr. Shafran's opinions were "consistent with the greater record," convinces the Court that there are discrepancies in the opinion that need to be addressed by the Administration.  Therefore, the Court finds that the ALJ's finding that Dr. Shafran's opinions were unpersuasive is not supported by substantial evidence in the record.  *See Andrews*, 53 F.3d at 1043.

**IV.     Remand for Further Proceedings**

Once a court has determined an ALJ's decision contains harmful error, the decision whether to remand a case for additional evidence or for an award of benefits is within the discretion of the court. *Reddick*, 157 F.3d at 728; *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989).   "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded.  Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate." *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981).  "Remand for further proceedings is appropriate where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find claimant disabled if all the evidence were properly evaluated." *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012) (*citing Vasquez v. Astrue*, 572 F.3d 586, 593 (9th Cir. 2009)).

Here, it is not clear from the record that the ALJ would be required to find Plaintiff disabled if all the evidence were properly evaluated using the proper standards.  Therefore, the Court, in its discretion, finds that a remand for further proceedings, including a new hearing and decision, is appropriate.  Because the Court has found error in the consideration of the medical opinions as discussed above and is remanding the matter for a *de novo* hearing and decision, the Court need not consider Plaintiff's argument related to the ALJ's consideration of her symptom testimony.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED** and this case is **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings, including a new administrative hearing and issue a new decision.

/ / /

/ / /

/ / /

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

Dated this 22nd day of December, 2021.

G. Murray Snow
Chief United States District Judge